**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:20-cv-62302-KMM

SIGNIFY NORTH AMERICA
CORPORATION and SIGNIFY
HOLDING B.V.,

    Plaintiffs,

v.

ROBE LIGHTING INC., and
ROBE LIGHTING S.R.O.,

    Defendants.
_____/

**JOINT CASE MANAGEMENT STATUS REPORT**

Pursuant to Section II.8 of the Court's Patent Pretrial Order (ECF No. 11), Plaintiffs Signify North America Corporation and Signify Holding B.V. ("Plaintiffs") and Defendants Robe Lighting Inc. and Robe Lighting s.r.o. ("Defendants") (collectively the "Parties") respectfully provide the Court with the following joint case management status report:

    **a.**    **Whether either party wishes to certify the claim construction ruling for immediate appeal to the Federal Circuit;**

The Parties do not wish to certify the Court's claim construction ruling for immediate appeal to the Federal Circuit.

    **b.**    **The filing of dispositive motions, and if multiple dispositive motions will be filed, any proposed grouping and timing of those motions and their hearings;**

The Parties anticipate that summary judgment motions may be filed after the close of expert discovery, but it is too early to determine on which issues such motions may be filed by the Parties. However, Defendants state that because Plaintiffs are asserting six unrelated patents against dozens of Defendants' products, it is likely that Defendants will need to file multiple dispositive motions.

- 2 -

In section d. of this Report, the Parties set forth their respective proposals for summary judgment briefing and hearings in connection with their proposed case schedules.

    **c.**    **If willful infringement has been asserted, whether the allegedly-infringing party wishes to rely on the advice of counsel defense. If so, the parties should be prepared to address proposals for resolving any attorney-client privilege issues that arise, and whether the parties believe bifurcation of the trial into liability and damages phases would be appropriate;**

Plaintiffs have alleged willful infringement of U.S. Patent Nos. 6,478,453, 6,636,003, and 7,806,558. In response to Plaintiffs' Interrogatory No. 10, Defendants stated as follows: "As previously disclosed to Plaintiffs, Defendants are not relying upon any opinions of counsel as a defense to Plaintiffs' claims of infringement."

    **d.**    **Anticipated post-claim construction discovery;**

**Plaintiffs' Proposed Schedule and Remarks**

Plaintiffs believe that 6 more months will be needed to complete fact discovery on Plaintiffs' infringement allegations and Defendants' defenses in this case, and that trial should commence in September 2023. The proposed schedule below results in a trial being held 2 years and 10 months after the case's filing in November 2020:

| **Proposed Date** | **Event** |
|---|---|
| **February 1, 2023** | All fact discovery shall be completed. |
| **March 1, 2023** | The parties shall disclose experts, expert witness summaries and reports, on issues where the serving party has the burden of proof ("opening expert report") as required by Federal Rule of Civil Procedure 26(a)(2). |
| **April 3, 2023** | The parties shall exchange rebuttal expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| **April 28, 2023** | All expert discovery (including depositions) shall be completed. |

| Proposed Date | Event |
|---|---|
| **May 15, 2023** | Summary judgement motions to be filed. The parties shall also file any motions to strike or exclude expert testimony based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). |
| **June 5, 2023** | Oppositions to summary judgment motions and motions to strike or exclude testimony shall be filed (21 days after filing of motions). |
| **June 19, 2023** | Reply briefs to summary judgment motions or motions to strike or exclude testimony shall be filed (14 days after opposition briefs). |
| **July 2023** | Hearing on summary judgement motions and motions to strike or exclude testimony. |
| **August 1, 2023** | The parties shall file their joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e). The parties shall also file final proposed jury instructions. The parties shall also file any motions *in limine*. |
| **August 8, 2023** | The parties shall submit their deposition designations of unavailable witnesses. |
| **1 week prior to trial** | Calendar call. |
| **September 2023** | Trial commences. |

Plaintiffs' schedule allows for the orderly progression of the case and provides adequate time for the parties to complete fact and expert discovery.

This case has already been pending for nearly two years. Fact discovery commenced in April 2021 and has now proceeded for over 16 months. To date, Plaintiffs have produced 108,449 pages of documents and Defendants have produced 8,247 pages of documents.

On April 16, 2021, Plaintiffs served their first sets of interrogatories and document requests to Defendants, as well as their Rule 26 initial disclosures. On June 1, 2021, Defendants served their first sets of interrogatories and documents requests to Plaintiffs. Thereafter, the Parties engaged in meet and confers on various discovery issues and filed discovery motions in connection

with the Parties' first sets of interrogatories and document requests. Magistrate Judge Snow issued rulings on the Parties' discovery motions on August 19, 2021 (ECF No. 76) and November 10, 2021 (ECF No. 96).

On November 19, 2021, Plaintiffs served their second sets of document requests to Defendants directed to, among other things, discovery on additional products sold by Defendants. After meeting and conferring with Defendants, Plaintiffs filed a motion to compel on January 26, 2022 (ECF No. 103). Magistrate Judge Snow issued a ruling on Plaintiffs' motion to compel on March 10, 2022 (ECF No. 111) and ordered the production of documents responsive to Request for Production Nos. 55, 56, 57, 58, and 59-65 directed to discovery on additional products.

Following the Court's Order of March 10, 2022, Defendants produced a first production of documents relating to additional products on May 3, 2022 and a second production of documents relating to additional products on July 21, 2022.

Based on these recently produced documents by Defendants, Plaintiffs intend to update their Infringement Contentions to add at least the following additional accused products, pursuant to Section I.4 of the Court's Patent Pretrial Order (ECF No. 11):

| **US Patent No. 6,478,453** |
|---|
| Initial Accused Products: DL4S Profile, DL7S Profile |
| Additional Accused Products: DL4S Profile Wireless DMX CRMX, DL7S Profile Wireless DMX CRMX, DL4X Spot, DL4X Spot Wireless DMX CRMX, Esprite, Esprite FS, Forte, Spote |
| **US Patent No. 6,636,003** |
| Initial Accused Products: DL4S Profile, LEDBeam 150, Spiider, Spikie |
| Additional Accused Products: DL4S Profile Wireless DMX CRMX, LEDBeam 150 3P, LEDBeam 150Q, LEDBeam 150 FW, LEDBeam 150 FW 3P, LEDBeam 150 FWQ, LEDBeam 150 FWQ ETH, Spiider Wireless DMX CRMX, ParFect 150, ParFect 150 Q, ParFect 150 FW, ParFect 150 FWQ, ColorStrobe, iParfect 150 FW RGBW, LEDBeam 350, |

| |
|---|
| LEDBeam 350 FW, LEDBeam 350 FW EP, LEDWash 600+, LEDWash 600+ Wireless DMX CRMX, LEDWash 800, SuperSpikie, SuperSpikie Wireless DMX CRMX, Tetra1, Tetra2, Tarrantula |
| **US Patent No. 7,806,558** |
| Initial Accused Products: LEDBeam 150<br><br>Additional Accused Products: LEDBeam 150 3P, LEDBeam 150Q, LEDBeam 150 FW, LEDBeam 150 FW 3P, LEDBeam 150 FWQ, LEDBeam 150 FWQ ETH, ParFect 100, ParFect 100 Wireless DMX, ParFect 150, ParFect 150Q, ParFect 150 FW, ParFect 150 FWQ, ColorStrobe, ColorStrobe Lite, LEDBeam 350, LEDBeam 350 FW, LEDBeam 350 FW EP, LEDBeam 350 RGBA, LEDBeam 350 FW RGBA, LEDBeam 350 RGBA EP, LEDBeam 350 FW RGBA EP, LEDwash 300+, LEDwash 600+, LEDWash 600+ Wireless DMX CRMX , LEDWash 600+ (Smart White), LEDWash 600+ Wireless DMX (Smart White) CRMX, LEDWash 800, Tetra1, Tetra2, Tarrantula |
| **US Patent No. 7,557,521** |
| Initial Accused Products: DL4S Profile, DL7S Profile, LEDBeam 150<br><br>Additional Accused Products: DL4S Profile Wireless DMX CRMX, DL7S Profile Wireless DMX CRMX, LEDBeam 150 3P, LEDBeam 150Q, LEDBeam 150 FW, LEDBeam 150 FW 3P, LEDBeam 150 FWQ, LEDBeam 150 FWQ ETH, LEDBeam 150 RGBA, LEDBeam 150Q RGBA, LEDBeam 150  W, LEDBeam 150 FWQ RGBA, LEDBeam 150 FWQ WW CRI90, LEDBeam 350, LEDBeam 350 FW, LEDBeam 350 FW EP, LEDBeam 350 RGBA, LEDBeam 350 FW RGBA, LEDBeam 350 RGBA EP, LEDBeam 350 FW RGBA EP |
| **US Patent No. 7,802,902** |
| Initial Accused Products: DL4S Profile, DL7S Profile, LEDBeam 100, LEDBeam 150, Spiider, Spikie<br><br>Additional Accused Products: DL4S Profile Wireless DMX CRMX, DL7S Profile Wireless DMX CRMX, LEDBeam 100 Wireless DMX CRMX, LEDBeam 150 3P, LEDBeam 150Q, LEDBeam 150 FW, LEDBeam 150 FW 3P, LEDBeam 150 FWQ, LEDBeam 150 FWQ ETH, Spiider Wireless DMX CRMX |
| **US Patent No. 8,414,138** |
| Initial Accused Products: DL7S Profile, DL7F Wash<br><br>Additional Accused Products: DL7S Profile Wireless DMX CRMX, DL7F Wash Wireless DMX CRMX |

The updated Infringement Contentions will add 17 products and variants of the accused products (e.g., DL4S Profile Wireless DMX CRMX is a variant of DL4S Profile). While the number of accused products will then total 23, the additional products are structured and/or operate in a reasonably similar manner to the initial accused 6 products. On these additional products, Defendants would need to produce sales and marketing documents, as well as any further technical documents that are responsive to Plaintiffs' document requests.

Plaintiffs also anticipate taking depositions of Defendants' witnesses. Plaintiffs served Rule 30(b)(6) deposition notices to Defendants in January 2022. Defendants have not yet proffered any corporate representatives for these depositions, nor have they proffered any deposition dates despite numerous requests by Plaintiffs. In any event, Defendants' witnesses located in Europe can be deposed in person or via remote video easily within the next 6 months (by February 1, 2023).

Defendants have also served Rule 30(b)(6) deposition notices to Plaintiffs in January 2022. After a meet and confer, Defendants withdrew their original Rule 30(b)(6) deposition notices and served amended Rule 30(b)(6) deposition notices to Plaintiffs in March 2022. Plaintiffs attempted to meet and confer with Defendants on the amended Rule 30(b)(6) deposition notices but have not heard from Defendants on these notices since early June 2022. And contrary to Defendants' position *infra*, Plaintiffs identified their designated witness to Defendants on May 20, 2022 and offered to discuss deposition scheduling.

Setting fact discovery to close on February 1, 2023 (which is 6 months from now) is more than reasonable given the parties have engaged in discovery for over 16 months. Many patent cases, like here, involve multiple asserted patents, dozens of accused products, inventors, and witnesses. There is nothing unusual about that, and those facts do not transform this case into an unusually complex one, nor does it justify extending fact discovery by over a year, as Defendants

contend. Defendants have had 16 months to take discovery on Plaintiffs' claims and Defendants' defenses, including Defendants' alleged defense of patent misuse (set forth in a single sentence in Defendants' Third Affirmative Defense, ECF No. 32 filed Dec. 20, 2020, and ECF No. 40 filed Mar. 25, 2021), which is not impacted by post-claim construction fact discovery.

Defendants have not served a single deposition notice or subpoena directed to any of the inventors of the Patents-in-Suit, even though discovery has been proceeding since April 2021 and Plaintiffs identified the inventors in their Rule 26 initial disclosures. While Defendants raised the prospect of deposing the inventors in the parties' Joint Conference Report (*see* ECF No. 41 at 4, filed April 2021) and noted then that "seven reside in the Netherlands," they have not served any inventor deposition notices or subpoenas. Even if Defendants were actually interested in taking depositions of all inventors of the Patents-in-Suit now, Plaintiffs' can work with Defendants to identify a "primary" inventor for each Patent-in-Suit to narrow the amount of inventor depositions.

Plaintiffs respectfully submit that this case should be set as a Standard Track case with fact discovery to close on February 1, 2023, expert discovery to close on April 28, 2023, and trial commencing in September 2023.

### **Defendants' Proposed Schedule and Remarks**

Plaintiffs' proposed schedule is unrealistic because it does not provide enough time for the necessary post-claim construction fact discovery in light of the facts below and because it calls for trial only two months after summary judgment oral argument, making it highly unlikely the Court will have sufficient time to rule on the expected summary judgment motions before trial, let alone before the parties bear the significant expense of pretrial filings and preparations.

The facts belie Plaintiff's assertion that this is not a complex patent case. For example:

- Plaintiff is asserting six patents, none of which is from the same patent family as another. There are 16 named inventors among the asserted patents. All 16 were identified by Signify in its initial disclosures as witnesses who may have information that Signify may use to support its claims or defenses. Moreover, almost half of them are in Europe, and a number of the inventors are not employed by Plaintiffs.

- According to Plaintiffs' statements regarding its infringement contentions above, the number of Robe products accused of infringement is increasing from six to several dozen.

- Defendant Robe Lighting Inc. does not do any of the research and development or manufacturing for the Defendants' products. Rather, the R&D and technical knowledge about the Defendants' products is performed by and known to Defendant Robe Lighting s.r.o's employees, who are all located in the Czech Republic. Very few of Robe Lighting s.r.o's employees understand English well enough to testify without a translator. Thus, deposing Defendants will include depositions of witnesses in the Czech Republic using a translator.

- In addition to Plaintiffs' claims raising the infringement and invalidity issues typically found in infringement litigation in connection with each of the six asserted patents, Defendants have also asserted the defense of patent misuse in connection with Plaintiffs' massive and coercive LED patent licensing program. Plaintiffs' licensing program has resulted in many hundreds of license agreements under which the licensee's products are subject to patent royalties even if they are noninfringing. Defendants will be taking discovery to prove that this is patent misuse, making Plaintiffs' patents unenforceable.

Thus, between the depositions of the inventors, of the Plaintiffs and their key employees, and of third parties in connection with invalidity and misuse evidence, Defendants expect to need to take

over 20 fact depositions, including depositions in Europe which may require service of subpoenas under the Hague Convention.

Notably, Plaintiffs' recounting of the parties' discovery efforts paints an inaccurate picture. For example, Defendants sent Plaintiffs' counsel Rule 30(b)(6) deposition notices on January 7, 2022, and amended notices on March 28, 2022, but despite several requests to work out mutually acceptable dates, Plaintiffs have not yet identified their witnesses or proffered any dates for the depositions.

In light of the number of patents, products, and witnesses in the U.S. and Europe involved in the fact discovery that needs to be accomplished, including the likely need for translators and service under the Hague convention, Defendants believe that approximately one year will be needed for post-claim construction discovery.  Defendants therefore propose the following schedule:

| **Defendants' Proposal** | **Plaintiffs' Proposal** | **Event** |
|---|---|---|
| **Sept. 29, 2023** | February 1, 2023 | All fact discovery shall be completed. |
| **Oct. 30, 2023** | March 1, 2023 | The parties shall disclose experts, expert witness summaries and reports, on issues where the serving party has the burden of proof ("opening expert report") as required by Federal Rule of Civil Procedure 26(a)(2). |
| **Nov. 30, 2023** | April 3, 2023 | The parties shall exchange rebuttal expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| **Jan. 5, 2024** | April 28, 2023 | All expert discovery (including depositions) shall be completed. |

| **Defendants' Proposal** | **Plaintiffs' Proposal** | **Event** |
|---|---|---|
| **Feb. 2, 2024** | May 15, 2023 | Summary judgement motions to be filed. The parties shall also file any motions to strike or exclude expert testimony based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). |
| **Feb. 29, 2024** (some extra days included because of the likelihood of multiple motions because the 6 asserted patents are unrelated to each other) | June 5, 2023 | Oppositions to summary judgment motions and motions to strike or exclude testimony shall be filed (21 days after filing of motions). |
| **Mar. 15, 2024** | June 19, 2023 | Reply briefs to summary judgment motions or motions to strike or exclude testimony shall be filed (14 days after opposition briefs). |
| **April 2024** | July 2023 | Hearing on summary judgement motions and motions to strike or exclude testimony. |
| **July 15, 2024** | August 1, 2023 | The parties shall file their joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e). The parties shall also file final proposed jury instructions. The parties shall also file any motions *in limine*. |
| **July 22, 2024** | August 8, 2023 | The parties shall submit their deposition designations of unavailable witnesses. |
| **1 week prior to trial** | 1 week prior to trial | Calendar call. |
| **September 2024** | September 2023 | Trial commences. |

  e. **Any other pretrial matters;**

Infringement and Invalidity Contentions:

  Pursuant to Section I.4 of the Court's Patent Pretrial Order (ECF No. 11), the Parties intend to update their Infringement Contentions and Invalidity Contentions. The Parties have agreed to serve updated Infringement Contentions and Invalidity Contentions by **October 4, 2022**.

  The Parties respectfully submit that the circumstances identified in Section I.4(a)(i)-(iii) of the Court's Patent Pretrial Order (ECF No. 11) support a finding of good cause that justifies the service of updated Infringement Contentions and Invalidity Contentions in this case.

  Accordingly, the Parties plan to submit a Joint Motion requesting that the Court issue an Order allowing the service of updated Infringement Contentions by Plaintiff and updated Invalidity Contentions by Defendants by **October 4, 2022**.

Depositions:

  Defendants have discussed with Plaintiffs that they believe they will need to take more than the standard limit of 10 depositions per side as set forth by Federal Rule of Civil Procedure 30(a)(2)(A)(i). The Parties intend to meet and confer after Defendants identify the approximate number of depositions that Defendants believe need to be taken by Defendants. The Parties also intend to meet and confer to discuss the length of depositions and logistics for deponents testifying in a language other than English.

  If the Parties are not able to reach a resolution of these issues, the Parties will present any disputed issues for to the Court in accordance with the Court's motion practice rules.

  f. **The progress of settlement discussions, if any;**

  A mediation among the Parties was held on May 3, 2021. After the mediation, the Mediator filed a Report (ECF No. 53). There have not been any settlement discussions since the mediation.

- 12 -

Dated: September 6, 2022

*/s/ Martha A. Leibell*

Martha A. Leibell
Florida Bar No. 106990
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: (305) 415-3000
E-mail: martha.leibell@morganlewis.com

Jeremy P. Oczek (*pro hac vice*)
Jessica L. Copeland (*pro hac vice*)
BOND, SCHOENECK & KING, PLLC
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7000
E-mail: jpoczek@bsk.com
E-mail: jcopeland@bsk.com

George R. McGuire (*pro hac vice*)
Jonathan L. Gray (*pro hac vice*)
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8500
E-mail: gmcguire@bsk.com
E-mail: jlgray@bsk.com

Andrew H. Reiss
BOND, SCHOENECK & KING, PLLC
Florida Bar No. 116955
Northern Trust Building, Suite 105
4001 Tamiami Trail North
Naples, Florida 34103-3555
Telephone: (239) 659-3800
E-mail: areiss@bsk.com

**COUNSEL FOR PLAINTIFFS**
***Signify North America Corporation and Signify Holding B.V.***

Respectfully submitted,

*/s/ David Brafman*

David Brafman
Florida Bar No. 68289
Mark Passler
Florida Bar No. 58068
J. Andre Cortes
Florida Bar No. 1011276
AKERMAN LLP
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, Florida 33401
Telephone: (561) 653-5000
E-mail: david.brafman@akerman.com
E-mail: mark.passler@akerman.com
Email. andres.cortes@akerman.com

Dean A. Dickie
AKERMAN LLP
71 S. Wacker Drive, 47th Floor
Chicago, IL 60606
Email: dean.dickie@akerman.com

**COUNSEL FOR DEFENDANTS**
***Robe Lighting Inc. and Robe Lighting s.r.o***